UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:12 CR 286 |
| | ) | 5:17 CV 618 |
| | ) | |
| Plaintiff-Respondent, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Dale Colbert, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant-Petitioner. | ) | |

This matter is before the Court upon Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 477). For the reasons that follow, the motion is DENIED.

**FACTS**

On April 11, 2013, Petitioner pleaded guilty to two counts of conspiracy to distribute controlled substances and one count of conspiracy to launder money instruments. Petitioner was classified as a career offender under the United States Sentencing Guidelines based on his two prior felony convictions for controlled substances offenses. Petitioner was sentenced on September 5, 2013, and the judgment was entered on September 11, 2013. Petitioner then

appealed the denial of his motion to suppress. The Sixth Circuit affirmed this Court's judgment on May 27, 2015. Petitioner did not file a petition for certiorari in the United States Supreme Court. Petitioner then filed his § 2255 motion on March 23, 2017.

**ANALYSIS**

In his motion, Petitioner argues that his controlled substance offenses were not qualifying predicate offenses within the meaning of the Career Offender guidelines in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) (holding that, for purposes of determining whether an offense qualifies as a predicate under the Armed Career Criminal Act ("ACCA"), the court takes a categorical approach, looking to the statutory elements of the offense rather than the particular means of commission). The Government opposes the motion, arguing that Petitioner waived his right to collaterally attack his sentence in his plea agreement and that the motion is untimely. The Government is correct.

The Sixth Circuit enforces knowing, intelligent, and voluntary waivers of the right to challenge a sentence by 28 U.S.C. § 2255. *See In re Garner*, 664 F. App'x 441, 444 (6th Cir. 2016) (enforcing waiver of right to collaterally attack sentence). Petitioner argues that the language in his plea agreement is ambiguous but does not argue or point to any evidence that his waiver was not knowing, intelligent, or voluntary. Moreover, his plea agreement clearly states that he waived his right to file a motion under 28 U.S.C. §2255: "Defendant acknowledges having been advised by counsel of Defendant's rights, ... including the ... right ...to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights."

Even if Petitioner had not waived his right to collaterally attack his sentence, his petition

is untimely. A motion seeking relief under § 2255 must be filed within a one-year period of limitation, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner does not dispute that he filed his motion more than a year after his judgment of conviction became final. He asserts, however, that the motion is timely under § 2255 (f)(3) because he filed it within one year of the Supreme Court's decision in *Mathis*.[1]

*Mathis*, however, did not announce a "newly recognized" right that the Supreme Court made retroactively applicable on collateral review. "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). In *Mathis*, the Court made clear that the rule announced in the case was dictated by decades of precedent:

> Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct–his particular means of committing the crime–falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were–just the facts, which ACCA (so we have held, over

---

[1] He does not argue that the motion is timely under § 2255 (f)(2) or (f)(4).

and over) does not care about.

*Mathis*, 136 S. Ct. at 2257. Courts, including the Seventh and Tenth Circuits and a number of district courts in the Sixth Circuit, have consistently held that this language means the Supreme Court was *not* announcing a new rule in *Mathis*. *See Proctor v. United States*, 2017 WL 2802174 (W.D. Ky. June 28, 2017) (citing cases that have found *Mathis* did not create a new rule of law that applies retroactively). Petitioner did not cite any case that holds to the contrary. His reliance on *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), is also misplaced. *Hill* involved a mandatory Guideline determination of the Petitioner's career offender status and involved the definition of a "crime of violence." Here, Petitioner was sentenced pursuant to advisory Guidelines and the definition of "crime of violence" is not at issue as his predicate offenses were controlled substance offenses.

Thus, Petitioner's motion is denied because it was filed beyond the one-year limitation period set forth in 28 U.S.C. § 2255(f).

**CONCLUSION**

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 477) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                         /s/ Patricia A. Gaughan
                                         PATRICIA A. GAUGHAN
                                         United States District Court
                                         Chief Judge

Dated: 7/14/17